**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action |
| | ) | No. 12-10076-01 |
| v. | ) | |
| | ) | Civil Action |
| | ) | No. 15-1099-MLB |
| | ) | |
| DEXTER DEWAYNE BAKER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the court are the following:

1. Defendant's motion pursuant to 28 U.S.C. § 2255 (Doc. 29); and

2. Government's motion to enforce the plea agreement (Doc. 30).

Defendant has not filed a reply nor has he sought leave to proceed in forma pauperis. Nevertheless, the court will proceed to dispose of the motion upon the assumption that defendant is a pauper. In addition to the foregoing, the court has reviewed the presentence report (Doc. 13), the transcript of sentencing (Doc. 24), the Tenth Circuit's Order and Judgment of October 17, 2013 (Doc. 27) and the transcript of the plea hearing (Doc. 31).

The Tenth Circuit's Order and Judgment of October 17, 2013 adequately sets out the history of this case. The Tenth Circuit's mandate came down on November 8, 2013 (Doc. 27) and defendant did not seek certiorari. Defendant's § 2255 motion was filed on March 30, 2015 which is clearly outside the one-year limitation set out in 28 U.S.C. § 2255(f). Paragraph 18 of defendant's motion states

"TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion." Defendant offers no explanation, the failure which, standing alone, would justify denial of the motion had the government sought denial on that ground. It didn't so the court will move to the "merits" of the motion.

Stretching the rule of liberal construction well beyond its limits, defendant appears to contend that both his trial and appellate counsel were ineffective because they did not pursue a claim that he is "actually innocent" of being classified as a "career offender." Defendant does not cite a decision which purports to apply the concept of "actual innocence" to the sentencing guidelines and court is unaware of one. Defendant's criminal history was raised at sentencing but his counsel stated " . . . Mr. Baker does not disagree with his record of arrests or even convictions. He disagrees with some of the factual summaries. . . ." (Doc. 24 at 4-5). Defendant now contends that "at least two" of his prior convictions should not have been counted for his career offender status but he does not identify the convictions. Defendant's counsel were not ineffective.

Defendant's other argument appears to be that his trial and appellate counsel were somehow ineffective because they did not claim that his status as a career offender violated the terms of the plea agreement. It is true that the plea agreement does not mention defendant's status as a career offender or, for that matter, defendant's calculated criminal history status under the guidelines. It would be rare, indeed, if the plea agreement did and, in any event,

-2-

defendant's sentence did not violate the plea agreement, which provided that the government would request a sentence at the low end of the calculated guideline range.  That's exactly what the government did.  The fact that the court imposed a sentence greater than the guideline range did not violate the plea agreement because the court was not party to the agreement.  The legality of the sentence was affirmed on direct appeal.  Counsel were not ineffective.

The plea agreement contained a paragraph waiving defendant's right to pursue a § 2255 motion (Doc. 12 ¶ 9).  When it came to the part of the plea colloquy concerning the § 2255 waiver, the court informed defendant:

> You are agreeing in Paragraph 9, first of all, that you won't appeal your conviction and your sentence to the next higher court out in Denver. You're also agreeing that you won't come back to me while you're in the penitentiary and file a 2255 motion or Rule 60 motion or any other kind of motion asking me to reopen your case, let you have a trial. There's lots of things that people ask for. But you're agreeing you won't. You're agreeing that you won't ask me to reduce your sentence in the event the Sentencing Commission in Washington changes the guidelines. And the reason that I asked you if you were not only satisfied with the way Mr. Freund has represented you, but also with the way he's negotiated this plea, which is pretty good considering all the counts that you're charged with, is that I believe that that eliminates this so-called Cockerham exception to Section 2255. What I tell people in your situation is that

-3-

>    the effect of this paragraph is and that you should consider the effect of this paragraph is that you are agreeing that you will never ask any court anywhere at any time for any reason to change what happens to you in my court. You understand that?
>
>    DEFENDANT: Yes.

(Doc. 31 at 10-11).

In its response the government seeks to enforce the waiver and the court agrees it should be enforced for the reasons stated in the government's response.

Accordingly, defendant's motion (Doc. 29) is denied.

IT IS SO ORDERED.

Dated this ___9th___ day of June 2015, at Wichita, Kansas.

>                                s/Monti Belot
>                                Monti L. Belot
>                                UNITED STATES DISTRICT JUDGE

-4-