IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                  Case No. 12-10076-01-JTM

DEXTER DEWAYNE BAKER,

    Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the Motion to Vacate Sentence of defendant Dexter Baker. (Dkt. 37). Baker argues that his sentence was improperly enhanced for two prior drug offenses (possession with intent to sell cocaine in 2000, and marijuana in 2008) as well as aggravated battery. Baker argues that aggravated battery under Kansas law is not a "crime of violence" for purposes of federal sentencing law, in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). The government's response to the motion contends that, even assuming Baker's battery conviction were to be treated as a nonviolent offense, his prior drug offenses would cause him to be considered a career offender. (Dkt. 40, at 3-4).

In his Reply (Dkt. 41), Baker acknowledges the prior drug convictions, but argues that his attorney stated that "he was not going to waste the court's time" challenging his marijuana conviction, because he would still be considered a career offender in light of the

1

prior aggravated battery conviction. (*Id*. at 2). And Baker argues that the marijuana conviction cannot constitute a controlled substance offense, for purposes of USSG § 4B1.2, because the conduct prohibited by the state statute is broader than that governed by the guideline. Specifically, Baker notes decisions holding that the guideline is not implicated where the state statute in question can be violated by a fraudulent sale of narcotics — a mere offer to sell drugs which the defendant does not actually possess. *Id.* at 7-8. *See United States v. Savage*, 542 F.3d 959 (2d Cir. 2008); *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016).

The Kansas statute in effect at the time of the offense, K.S.A. 65-4163(a) prohibited any action to

> sell, offer for sale or have in such person's possession with intent to sell, deliver or distribute; prescribe; administer; deliver; distribute; or dispense any opiates, opium or narcotic drugs, or any [designated] stimulant ....

Baker has not pointed to any decisions broadly interpreting the Kansas statute to include fraudulent offers of narcotics. This court has recently concluded that a conviction under K.S.A. 65-4163(a) does constitute a "controlled substance offense" under § 4B1. See *United States v. McDaniel*, No. 15-20050-JAR, 2016 WL 5371859, *7 (D. Kan. Sept. 26, 2016) ("[u]nlike the statute at issue in *Savage*, here § 65-4163(a) requires both possession and intent to sell, so the statute does not allow for the potential for fraudulent offers").

However, the court need not resolve the issue at the present time. In addition to arguing that the defendant is not entitled to relief in light of the prior drug offenses, the government also submits that in the interests of judicial economy the court should stay the action pending the resolution of the *Beckles v. United States*, Docket No. 15-8544. The

2

government argues that such a stay should be adopted, in that *Beckles* should give guidance as to the applicability of *Johnson* to the Sentencing Guidelines. The defendant's Reply memorandum fails to show why a stay would not be appropriate, and the request is hereby granted.

IT IS ACCORDINGLY ORDERED this 2nd day of November, 2016 that the proceedings defendant's Motion to Vacate (Dkt. 37) are hereby stayed pending further action by the court. The court similarly stays the defendant's request (Dkt. 36) for appointment of counsel.

                                                                           ___s/ J. Thomas Marten_____
                                                                           J. THOMAS MARTEN, JUDGE