IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                            Case No. 12-10076-JTM

DEXTER DEWAYNE BAKER,
    Defendant.

MEMORANDUM AND ORDER

Defendant Dexter Dewayne Baker obtained leave to file a second or successive 28 U.S.C. § 2255 motion to challenge his sentence for possession with intent to distribute cocaine. Baker argues that he should not have been designated a career criminal, based on a state conviction for aggravated battery, for purposes of sentencing in light of *Johnson v. United States*, 135 S.Ct. 2251 (2015), which determined that the term "crime of violence" as used in the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) was impermissibly vague. The government opposed the motion on the grounds that Baker was in any event properly sentenced under the United States Sentencing Guidelines given his prior narcotics offenses.

The court lacks jurisdiction to consider defendant's challenge to his sentence. The Tenth Circuit authorized a second or successive § 2255 motion "to raise a claim based on

*Johnson v. United States.*" (Dkt. 34, at 2). The court recognized that "*Johnson* announced a new rule of constitutional law that was made retroactive to cases on collateral review." *Id.* (citing *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

However, on March 6, 2017, the Supreme Court of the United States issued its opinion in the case of *Beckles v. United States*, 2017 WL 855781 (U.S. Mar. 6, 2017). The Court determined that sentences rendered under the United States Sentencing Guidelines "are not subject to a vagueness challenge under the Due Process Clause," and that "[t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id.* at *6. Accordingly, *Johnson* does not provide a retroactive basis for Baker to challenge his sentence under either 28 U.S.C. § 2255(f)(3) or (h)(2).

*Mathis v. United States*, 579 U.S. ___, 136 S.Ct. 2243 (2016), which the defendant invokes in his latest pleading to the court, did not create a new substantive right which is applicable to cases pending on collateral review under *Teague v. Lane*, 489 U.S. 288 (1989). Rather, *Mathis* clarified the modified categorical approach by distinguishing between the "elements" of a crime and the means of committing those elements. The Court in *Mathis* explicitly observed that its categorical approach was resolved "under our precedents." 136 S.Ct. at 2251. Consequently, Mathis did not set out a new rule of law authorizing a successive § 2255 motion. *See United States v. Taylor,* ___ Fed.Appx. ___, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016) (concluding that "*Mathis* did not announce a new rule"which would allow a second or successive habeas petition).

2

IT IS ACCORDINGLY ORDERED this 23rd day of March, 2017, that the defendant's Motions to Vacate, for Evidentiary Hearing, and for Appointment of Counsel (Dkt. 36, 37, 50) are denied; the government's Motion to Dismiss (Dkt. 48) is granted.

                                                                                                   s/ J. Thomas Marten
                                                                                                   J. THOMAS MARTEN, JUDGE