IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                    Case No. 12-10076-JTM

DEXTER DEWAYNE BAKER,

    Defendant.

MEMORANDUM AND ORDER

Dexter Dewayne Baker has moved to challenge his sentence under 28 U.S.C. § 2255, but the court determined by separate order that it lacked jurisdiction to address the issue following the decision of the United States Supreme Court in *Beckles v. United States*, 2017 WL 855781 (U.S. Mar. 6, 2017). The defendant has moved for reconsideration of the court's order.

Because there is no grounding for motions to reconsider in the Federal Rules of Criminal Procedure, the court evaluates such motions in criminal cases by reference to similar motions in the civil context, included Fed.R.Civ.Pr. 60(b). *United States v. Blechman*, No. 08-40008-JAR, 2010 WL 235025, at *1 (D. Kan. Jan. 8, 2010); *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010).

Under D.Kan.R, 7.3(a), "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed.R.Civ.P. 59(e) or 60." Here, Baker invokes both Rule 60(b)(5) and (60. Rule 60(b)(5) permits relief where "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Rule 60(b)(6) permits relief for "any other reason that justifies relief."

Relief under Rule 60(b) is discretionary and only warranted if a petitioner can satisfy one or more of the Rule's grounds for relief from judgment, which include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) satisfaction, release, or discharge of the judgment; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (5) any other reason that justifies relief. A petitioner may not use a motion under Rule 60(b) to revisit the same issues already addressed and dismissed by the court. *United States v. Williams*, No. 09-40024-01-JAR, 2012 WL 887459, *1 (D. Kan. March 15, 2012).

"Nor may a petitioner use the motion to advance new arguments or supporting facts that were available when the petitioner briefed the original motion." *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1999)). Here, defendant's motion essentially reargues matters previous raised by his § 2255 motion, and as a result the court finds no

basis for granting the relief sought.

IT IS ACCORDINGLY ORDERED this 26th day of May, 2017, that the defendant's Motion to Reconsider (Dkt. 52) is hereby denied.

<pre>
                                    s/ J. Thomas Marten
                                    J. THOMAS MARTEN, JUDGE
</pre>