IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
         Plaintiff,

vs.                                                No. 12-10076-01-JTM

DEXTER DEWAYNE BAKER,
         Defendant.

MEMORANDUM AND ORDER

Defendant Baker moves to vacate his sentence by an application for writ of audita querela. Baker originally pled guilty to possessing cocaine with the intent to distribute, in violation of 21 U.S.C. § 841. Having prior convictions for a crime of violence and two controlled substance offenses, the defendant was sentenced as a career offender to 200 months imprisonment. The Tenth Circuit affirmed defendant's sentence on October 17, 2013. *United States v. Baker*, 543 Fed.Appx. 746 (10th Cir. 2013) (unpublished).

This court denied a prior 28 U.S.C. § 2255 motion on June 9, 2015. (Dkt. 32).

On June 28, 2016, the Tenth Circuit Order authorized Baker to file a successive § 2255 motion to pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015). Baker's motion raising the Johnson issue was denied by this court (Dkt. 51) on March 23, 2017, in light of *Beckles v. United States*, 137 S.Ct. 886 (2017).

On June 11, 2018, the court determined that Baker's Rule 60(b) motion for reconsideration should have been treated as a second or successive § 2255 motion and dismissed as lacking jurisdiction.

Writs of audita querela "challenge 'a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition.'" *United States v. Torres*, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002) (quoting *United States v. Reyes*, 945 F.2d 862, 863 n.1 (5th Cir. 1991)). The writ is "not available to a petitioner when other remedies exist." *Torres*, 282 F.3d at 1245. Thus, audita querela cannot see be used to a vehicle to avoid the restriction on successive collateral attacks. *United States v. Fleetwood*, 2018 WL 3547118, at *1-2 (D. Kan. July 23, 2018). *See also United States v. Steele*, No. 10-20037-01-JWL, 2019 WL 3801652, at *2 (D. Kan. Aug. 13, 2019) (audita querela not available, observing that "[t]he fact that Mr. Steele's [prior § 2255] efforts were not successful, or that § 2255 significantly restricts successive motions, does not render those avenues inadequate or ineffective").

Baker argues as "an alternative avenue" to audita querela that his motion should be considered a request for relief under 28 U.S.C. § 2255(f)(4). (Dkt. 70, at 3). But the provision only defines the circumstances under which the ordinary, one-year limitations period for § 2255 motions is excused; it does not separately waive the bar on second or successive § 2255 motions independently established in § 2255(h). *See Saldana v. United States*, 2018 WL 9537846, *3 (S.D. Fla. June 26, 2018) ("Stated simply, this Court lacks jurisdiction to address the claims raised in Movant's motion, labeled as "Petition

2

Pursuant to 28 U.S.C. § 2255(f)(4)"); *United States v. James*, No. 4:16CV679/WS/GRJ, 2016 WL 11527566, at *1 (N.D. Fla. Nov. 7, 2016) (summarily dismissing "§ 2255(f)(4)" motion as unauthorized successive motion);

Under Rule 11 of the Rules Governing Section 2255 Cases for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A defendant satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 366 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Baker has failed to make a substantial showing that reasonable jurists would find debatable the determination that this Court has no jurisdiction. A certificate of appealability will not issue.

IT IS ACCORDINGLY ORDERED this day of February, 2020, that defendant's scheduling motions (Request for a Thirty Day Continuance (Dkt. 67), Request for Extension of Time (Dkt. 69) are granted); his substantive Motion for Audita Querela Relief (Dkt. 66) is denied.

*J. Thomas Marten*
J. Thomas Marten, Judge