IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
   Plaintiff,

v.                Case No. 12-10076-01-JTM

DEXTER DEWAYNE BAKER,
   Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on defendant's Petition for Emergency Compassionate Release Pursuant to the Emergency CARES Act of 2020, 18 U.S.C. Section 3582(c)(1)(A) as well as his Supplemental Motion in Support and Reply to Government's Response to Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Dkts. 78, 82).[1] Pursuant to this District's Administrative Order 2020-8, defendant's Petition was referred to the Office of the Federal Public Defender for the District of Kansas, who entered an appearance and filed a Reply on February 18, 2021. (Dkt. 81, 82). Defendant seeks a reduction of his sentence[2] based upon his argument that a number of serious

---

[1] Although Dkt. 82 is labeled as a "supplemental motion," the court treats it as a reply in support of defendant's Emergency Motion for Compassionate Release (Dkt. 78) because it is limited to a discussion of issues raised in that motion and the United States' response to that motion. In addition, the court declines the request to reinstate Baker's previous motion for release from custody (Dkt. 73) finding that request moot in light of Dexter's filing of the most recent Emergency Motion for Compassionate Release (Dkt. 78) and the Reply (Dkt. 82).

[2] Defendant's Emergency Motion (Dkt. 78) requests a sentence reduction to time served. Defendant's Supplemental Motion/Reply (Dkt. 82) clarifies that defendant's proposal "includes a modification of his supervised release conditions to include a three-year term of home confinement followed by a three-year term of supervised release." (Dkt. 82, p. 2, 9). To the extent defendant seeks an order for home confinement, that portion of the motion is denied. Under the CARES Act, only the Bureau of Prisons has the authority to order or extend the duration of home confinement. *See United States v. Nash*, 2020 WL 1974305, at *3 (D. Kan. Apr. 24, 2020) ("the CARES

medical conditions, including type 2 diabetes, high blood pressure, and obesity, place him at increased risk of severe complications or death if he contracts Covid-19 while in BOP custody. (Dkt. 78, p. 6-7). The United States acknowledges defendant's medical diagnoses, but contends that a sentence reduction would not be consistent with the factors contained in 18 U.S.C. section 3553(a). (Dkt. 80, p. 17-18). The United States further contends that defendant's previous full recovery from a Covid-19 infection shows that there is no extraordinary circumstance justifying a reduction of sentence. (*Id.*, p. 16).

18 U.S.C. section 3582(c)(1)(A)(i) allows a court to reduce a defendant's sentence if, after considering the factors set forth in 18 U.S.C. section 3553(a), the court finds that extraordinary and compelling reasons warrant the reduction and that the reduction is consistent with the Sentencing Commission's policy statements.[3] The applicable policy statement, U.S.S.G. section 1B1.13, indicates the court may reduce a defendant's term of imprisonment if it has considered the sentencing factors set forth in section 3553(a) and finds (i) extraordinary and compelling reasons warrant the reduction, (ii) the defendant is not a danger to the safety of any other person or the community, and (iii) the reduction is otherwise consistent with the policy statement.

Defendant's medical records confirm his diagnosis of type 2 diabetes and obesity, both factors which the CDC and the Department of Justice have acknowledged place an

---

Act authorizes the BOP – not courts – to expand the use of home confinement"); *United States v. Boyles*, 18-20092-JAR, 2020 WL 1819887 at *2 n.10 (D. Kan. Apr. 10, 2020) (explaining the difference between the CARES Act grant of authority to the BOP to lengthen the duration of home confinement and the court's jurisdiction to reduce a sentence under 18 U.S.C. § 3582(c)).

[3] Because the United States concedes that defendant has satisfied section 3582(c)'s administrative exhaustion requirements (Dkt. 80, p. 8), the court will not address those requirements here.

individual at higher risk of severe complications from Covid-19. (*See* Dkt. 78-1, p. 3; Dkt. 80, p. 14-15). At the same time, defendant's medical records show that he previously contracted Covid-19, that he tested positive for the virus on November 10, 2020 (Dkt. 78-1, p. 19), and that he was placed in isolation and later declared "Covid Recovered" on November 19, 2020. (Dkt. 80, p. 16). While defendant's medical records show that he was asymptomatic (Dkt. 78-1, p. 19), defendant contends that when infected with Covid-19 he suffered difficulty breathing, general fatigue, loss of taste and smell, and chills. (Dkt. 82, p. 3). Defendant further contends that Covid-19 carries with it the potential for long term post-infection health impacts, such as lung damage, stroke, heart damage, and blood clotting. (*Id.*). While defendant refers to several sources discussing the potential long-term impacts of the virus and discusses the stories of other inmates who appear to have recovered from Covid-19 only to succumb to later medical conditions (*id.*, p. 3-4), defendant does not indicate that he is suffering any particular long-term symptoms or that he has suffered from any such post-recovery relapse.

The United States admits that Baker does not appear to pose a danger to society or any particular victim upon release. (Dkt. 80, p. 18). Nevertheless, it remains the defendant's burden to demonstrate that extraordinary and compelling reasons justify a reduced sentence. *See United States v. Stewart*, 2020 WL 4260637 at *5 (D. Kan. July 24, 2020). Given Baker's previous recovery from Covid-19 within BOP custody and the lack of any particularized showing that Baker is suffering from post-infection symptoms that make it more difficult for him to provide self-care or receive adequate treatment within the BOP system, the court finds that he has not shown sufficiently extraordinary

3

circumstances based upon the risk of re-infection with Covid-19. *See United States v. Eddings,* 2020 WL 2615029 (E.D. Cal. May 22, 2020) (finding no extraordinary circumstances where inmate had greater risk factors, but had endured Covid-19 infection for ten days without complications); *United States v. Antillon,* 2020 WL 4698652 at *2 (D. Utah Aug. 13, 2020) (finding defendant failed to demonstrate extraordinary and compelling circumstances based upon the threat of reinfection because "while in theory Defendant's conditions could make him more susceptible for becoming seriously ill, the reality is that he did not."); *United States v. Risley*, 2020 WL 4748513 at *6 (E.D. Cal. Aug. 17, 2020) (collecting cases and noting "[c]ourts generally find that the risk of a second infection does not constitute sufficiently compelling grounds to justify compassionate release."); *United States v. Dial,* 2020 WL 4933537 at *3 (D. Kan. Aug. 24, 2020) ("Generalized concerns about COVID-19, even when the virus has spread within a correctional facility, do not create the type of extraordinary and compelling circumstances sufficient to justify compassionate release."); *United States v. McIntosh,* 2020 WL 5747921 at *6 (D. Kan. Sept. 25, 2020) (finding that inmate with hypertension had not established extraordinary and compelling reasons for a sentence reduction where medical records showed he had been treated by various medical professionals while in BOP custody).

Defendant in his Reply acknowledges (Dkt. 82, at 5) the existence of medical studies showing that recovery from the COVID-19 virus may convey protection against reinfection, but argues that "science has not established" that such recovery conveys full immunity. As this court noted earlier, however, the burden is on the defendant to show

4

his entitlement to release, and Baker has not presented any medical evidence showing that successful recovery from the COVID-19 virus fails to provide substantial protection from reinfection.

In a footnote, defendant cites (*id.*, n. 19) several cases as potentially relevant. All of the decisions were rendered in the very first weeks of the pandemic, from late May to very early July of 2020, when the courts began to cope with the threat from the virus. Defendant cites no decisions *from the following eight months* which would support release under the present circumstances. Moreover, each of the cited cases presents facts markedly distinct from those presented here. For example, in *United States v. Plank*, 17-20026-JWL, 2020 WL 3618858 (D. Kan. July 2, 2020), the court authorized release of non-violent[4] drug defendant with extremely serious medical conditions shortly after he tested positive for the virus. There was no indication that Plank (like Baker) had become symptomatic but *had successfully recovered*. And defendant fails to note that in the only other cited Kansas case, *United States v. Lipp*, No. 17-40057-01-HLT (D. Kan. June 29, 2020) (Dkt. 52) the request for release was unopposed. Finally, Baker presents no argument or evidence sufficient to overcome the fact that while he was previously infected in BOP custody, he was also able to recover adequately under BOP care; Baker's assertion that

---

[4] Nor can Baker be characterized, as Plank was, as "non-violent." His extensive criminal history includes convictions for aggravated battery (Presentence Report, at 14-15) for causing great bodily harm to Travis McGee, and (twice, in 2005 and again in 2011) for resisting arrest. The first incident included an apparent assault, with defendant charging police officers with balled fists. Police were able to subdue defendant in 2005 by the use of pepper spray, and in 2011 by the use of a taser. In the present case, officers executing the search of Baker's house found the defendant in the bathroom (where a 9mm Kel-Tec PF-9 handgun lay hidden in the bathtub) and cocaine in a kitchen cabinet (above which was an RG-14 six-shot revolver).

other inmates have not fared as well are general concerns or conjecture, not the type of particularized assertions that would show extraordinary and compelling reasons in Baker's unique case. *See McIntosh*, 2020 WL 5747921 at *6 (noting that Covid-19 presents a challenge within prison settings, but general risk that it may reemerge cannot justify compassionate release).

Baker makes an additional argument that he is entitled to a sentence reduction because if he were sentenced today, his prior convictions would not have qualified him for a career offender enhancement under U.S.S.G. section 4B1.1. (Dkt. 78, p. 6-7, Dkt. 82, p. 7). Baker previously appealed his sentence to the Tenth Circuit Court of Appeals, which affirmed the sentence on October 17, 2013. *United States v. Baker*, 543 Fed.Appx. 746 (10th Cir. 2013) (unpublished). Baker has also challenged his sentence on similar grounds before this court, which denied a prior 28 U.S.C. § 2255 Motion on June 9, 2015 (Dkt. 32) and a successive 28 U.S.C. § 2255 Motion on March 23, 2017 (Dkt. 51), dismissed a Rule 60(b) Motion for Reconsideration as a second or successive section 2255 motion on June 11, 2018 (Dkt. 65), and dismissed a Motion for Writ of Audita Querela on February 21, 2020 (Dkt. 72) as being an inappropriate vehicle to avoid the restriction on successive section 2255 collateral attacks.

To the extent Baker contends that case law developed subsequent to this court's prior orders provides a retroactive basis for him to challenge the career offender enhancement applied to his sentence, Baker's remedy is to seek permission from the Tenth Circuit to file a successive 28 U.S.C. section 2255 motion rather than pursue compassionate release under section 3582(c)(1)(A). *See United States v. Sears*, 2020 WL

6

3288083 at *1 (D. Kan. June 18, 2020) (construing a similar motion for compassionate release as a an attempt to evade the requirements of 28 U.S.C. § 2255(h) and 2244(b)(3)(A) and collecting cases upholding dismissal of section 3582(c)(1)(A) motions which were properly construed as unauthorized successive 28 U.S.C. § 2255 motions).

Baker's motion for compassionate release (Dkt. 78) is accordingly DISMISSED for lack of jurisdiction. *See United States v. Saldana*, 807 Fed.Appx. 816, 820-21 (10th Cir. 2020).

IT IS SO ORDERED this 23rd day of February, 2021.

/s/J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT