IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.   Case No. 12-10076-JWB

DEXTER D. BAKER,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 97.) The motion is fully briefed and is ripe for decision. (Docs. 98, 101.) For the reasons stated herein, the motion is DENIED.

**I. Procedural Background**

Defendant was charged in a seven-count indictment on March 27, 2012. (Doc. 1.) On August 8, 2012, he pleaded guilty to one count (Count Two) charging unlawful possession with intent to distribute a mixture containing cocaine, in violation of 21 U.S.C. § 841(a)(1). (Docs. 11, 12.) A presentence investigation report (PSR) was prepared which asserted that Defendant's base offense level under the federal sentencing guidelines was 26, to which 2 points were added based on two firearms possessed by Defendant, resulting in an adjusted offense level of 28. (Doc. 13 at 9.) The PSR found that under the guidelines' career offender provisions, Defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense (citing Case 99CR2653 [Possession of Cocaine with Intent to Sell], Case 00CR410 [Aggravated Battery], and Case 07CR3635 [Possession of Marijuana with Intent to Sell]), which raised the offense level

from 28 to 32. (*Id.*) After a 3-point reduction for acceptance of responsibility, the total offense level became 29. (*Id.* at 10.) The PSR found Defendant's criminal history score was 27, which included a 2-level increase for committing the instant offense while still under a criminal justice sentence, and which resulted in a criminal history category of VI. (*Id.* at 25.) (The career offender finding also mandated placement in category VI.) The resulting advisory guideline range was 151-188 months. (*Id.* at 37.) The statutory maximum punishment for the offense was 20 years (240 months). (*Id.*)

Prior to sentencing, the sentencing judge notified the parties he was contemplating a variance up "to and including the maximum statutory sentence of 20 years." (Doc. 13 at 1.) The judge's notice stated in part:

> While I always give respectful consideration to the sentencing guidelines, I am unable to understand how a person with a criminal record like defendant's can score only 27 criminal history points. Defendant is 34 and has been involved with the criminal justice system since age 17. He has felony convictions at age 21 (PSR ¶ 54), age 22 (PSR ¶ 56) and age 29 (PSR ¶¶ 66 and 67) plus several misdemeanor convictions. He has numerous arrests for domestic violence and other contacts with authorities which, while not counted for guideline purposes, nevertheless may be considered pursuant to 18 U.S.C. § 3661.
>
> Applying the factors set out in 18 U.S.C. § 3553, it is clear that defendant is a career criminal, regardless of the guideline designation. He is a drug dealer who possesses weapons, who clearly has never respected the law and who presents a clear danger to the public. Frankly, there is very little about defendant which can be considered positive.

(*Id.*) At sentencing, the sentencing judge adopted the PSR and imposed a sentence of 200 months, stating he was incorporating the reasons given in his notice of upward variance. (Doc. 24 at 10.) The sentence was affirmed on direct appeal to the Tenth Circuit. (Doc. 27.)

A first motion by Defendant to vacate sentence under 28 U.S.C. § 2255 was dismissed by the court in 2015 based on a waiver in the plea agreement. (Doc. 32.) The Tenth Circuit later authorized Defendant to file a second § 2255 that challenged his designation as a career offender

2

in light of *Johnson v. United States*, 135 S. Ct. 2251 (2015), which held that the "residual clause" of the Armed Career Criminal Act (ACCA) was impermissibly vague. The court denied this second § 2255, finding it to be without merit in light of *Beckles v. United States*, 137 S. Ct. 886 (2017), which said the sentencing guidelines are not subject to a vagueness challenge like the statute at issue in *Johnson*. (Doc. 51.) The court subsequently denied a motion by Defendant for reconsideration. (Doc. 53.) On appeal, the Tenth Circuit upheld the denial of the § 2255 and ordered dismissal of the motion to reconsider as an unauthorized and successive § 2255. (Docs. 64, 65.)

Defendant next sought a writ of audita querela (Doc. 66), which was denied by the court on February 21, 2020. (Doc. 72.) On November 20, 2020, Defendant filed a motion for compassionate release (Doc. 73) but then withdrew that motion (Docs. 75, 76), before filing a second motion on January 4, 2021. (Doc. 78.) The motion argued Defendant was at risk from COVID due to his health conditions and that none of Defendant's prior convictions would count as crimes of violence if he were sentenced today. The court found Defendant's circumstances were not extraordinary and compelling reasons for a sentence reduction, and further found Defendant's argument about his sentence was in substance another § 2255 and dismissed it for lack of jurisdiction. (Doc. 83 at 6-7.)

On January 3, 2022, Defendant filed another motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 84.) This motion argued that Defendant's health conditions, combined with the assertion that he would no longer qualify as a career offender if sentenced today, and the length of time he had already served, provided extraordinary and compelling reasons for a sentence reduction. (*Id.*) The court acknowledged it was undisputed that a person being sentenced under current law would be facing a lower advisory guideline range (with a top end of

perhaps 134 months) than Defendant did, and the court recognized its authority to reduce a sentence for such reasons, but it ultimately concluded after an extensive consideration of the § 3353(a) factors that the request for reduction should be denied. (Doc. 91 at 7-10.)

Defendant filed another motion for compassionate release on February 24, 2023, which asserted the arguments described below, but he agreed to dismissal of that motion for failure to exhaust administrative remedies. (Docs. 92, 94, 95.)

Defendant's instant motion for compassionate release was filed April 21, 2023. (Doc. 97.) The motion reiterates the arguments previously made, but adds two additional arguments. First, Defendant asserts that under current policies of the Department of Justice (DOJ), in which the United States Attorney's Office "is actively treating all crack cocaine sentences equal to [powder] cocaine for purposes of sentencing," an offender in circumstances like his would, if sentenced today, be subject to a sentencing guideline range of only 24-30 months. (*Id.* at 1-2.) Defendant acknowledges that other counts against him, including a charge under 18 U.S.C. § 924(c), were dismissed as part of his plea agreement, but he contends that even if a consecutive 60-month sentence had been added from such an offense, his guideline range "would end up becoming 84-90 months total." (*Id.* at 2.) Defendant also argues again that he would not be classified as a career offender if he were sentenced today. He now asserts that his prior Kansas drug convictions would not qualify as "controlled substance offenses" for purposes of the career offender guideline enhancement. In *United States v. Madkins*, 866 F.3d 1136 (10th Cir. 2017), the court said the Kansas statute prohibiting possession of drugs with intent to sell applies to "a mere offer to sell," whereas the federal sentencing guideline definition of a controlled substance offense applies (among other things) to possession of drugs with intent to distribute, such that the state offense is not a "controlled substance offense" because "an offer to sell is broader than distribution…." *Id.*

4

at 1145. The court said although "at first glance… it seems as though an offer for sale would fit squarely within the definition of the Guidelines," which apply to attempts to distribute drugs, "a closer look reveals that the two are not a categorical match," because "a person can offer a controlled substance for sale without having the intent to actually complete the sale…." *Id.* at 1147. In addition to the foregoing, Defendant incorporates his prior arguments about his medical issues and further argues that his "significant post sentence rehabilitation" also weighs in favor of compassionate release.[1] (Doc. 97 at 6.)

**II. Standard**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [that] rule of finality is subject to a few narrow exceptions." *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)). One exception is found in the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A)(i), which allows a reduction when certain conditions are met including "extraordinary and compelling reasons [that] warrant such a reduction...." Prior to 2018, that section only authorized the Director of the Bureau of Prisons to move for a reduction. *McGee*, 992 F.3d at 1041. The First Step Act changed this to allow a defendant to file his own motion for reduction after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[2] *United States v. Mata-Soto*, 861 F. App'x 251, 253 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

---

[1] Defendant mailed a letter to the court dated May 18, 2023, which includes additional materials, including evidence that Defendant has performed well at his job at FCI Forrest City and is working towards reducing his recidivism pattern score. The court will direct that the letter and materials be filed as a supplement to Defendant's motion.
[2] The government concedes Defendant has properly exhausted his administrative remedies on his motion. (Doc. 98 at 5.)

The Tenth Circuit has endorsed a three-step test for district courts to use in deciding motions filed under § 3582(c)(1)(A). *McGee*, 992 F.3d at 1042. Under that test, the court may reduce a sentence if Defendant has administratively exhausted his claim[3] and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*. A court may deny the motion when any of the three requirements is lacking, and the court need not address the other requirements. *Id*. at 1043. But all requirements must be addressed when the court grants a motion for release under the statute. *Id*. With respect to the second requirement, the applicable policy statements, the Tenth Circuit has held that the current policy statement on extraordinary circumstances is not applicable to motions filed by a defendant. *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021). Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g., United States v. Moreno*, 519 F. Supp. 3d 937, 941 (D. Kan. 2021).

**III. Analysis**

The court finds that the circumstances are materially unchanged since the court's denial of Defendant's motion in March of 2022, and that the instant motion should likewise be denied. (*See* Doc. 91.)

The court has considered Defendant's arguments about sentencing disparities for crack versus powder cocaine offenses, but finds they do not present extraordinary and compelling circumstances for reducing Defendant's sentence. This argument is primarily based on the EQUAL Act of 2021, a measure passed by the United States House of Representatives and currently

---

[3] The exhaustion requirement is not a jurisdictional prerequisite. It is a claim-processing rule that may be waived or forfeited by the government. *United States v. Hemmelgarn,* 15 F.4th 1027, 1031 (10th Cir. 2021).

supported by the DOJ, but which has not been enacted into law. The proposed Act would equalize guideline penalties for crack and powder cocaine offenses. Inasmuch as the Act has not been adopted, it is speculative to say what guideline range a similarly situated offender would face today if convicted of an offense like Defendant's. *See United States v. Ford*, No. CR 10-20129-07-KHV, 2023 WL 1434302, at *6 (D. Kan. Feb. 1, 2023) ("If enacted, the proposed … EQUAL Act … would reduce the crack cocaine/powder cocaine ratio from 18:1 to 1:1. Proposed legislation itself is insufficient to grant wholesale relief to all defendants who could potentially benefit from such legislation.") Defendant's argument is similarly speculative that an offender committing a similar offense today would be charged differently and would face a lower guideline range because of current DOJ/United States Attorney policies. The court cannot speculate about how Defendant might have otherwise been charged, but it is clear from the record that the sentencing judge believed, based on Defendant's record, that a sentence higher than that called for by the guidelines was warranted. *See id*. ("To determine whether to grant compassionate release, however, the Court does not revisit the prosecutor's charging decision and speculate whether or to what extent the prosecutor would charge or prosecute the case differently if presented with the same facts today. Defendant has not shown that the purported change in guidance on charging decisions is an extraordinary and compelling reason for his release.")

Defendant's arguments do not fundamentally alter the court's prior assessment of the § 3353(a) factors or its conclusion that examination of those factors shows Defendant's motion for sentence reduction should be denied. The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to

protect the public from further rimes of the defendant; and to provide the defendant with needed training, care, or treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentences and sentencing range established for the offense at the time of sentencing, (5) any pertinent policy statement in effect at the time of the defendant's sentencing, (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *Id*. § 3553(a)(1)-(7); *see also United States v. Cash*, No. 21-7027, 2021 WL 4911068, at *2 (10th Cir. Oct. 21, 2021).

The court previously noted Defendant's extensive criminal history, including multiple serious drug offenses, his repeated violations of parole or probation, conduct involving the use of violence including aggravated battery, multiple instances of resisting arrest, and revocation of probation for committing other offenses. (*See* Doc. 91 at 7-9.) His pattern of law-breaking beginning at a young age and continuing for years thereafter, including while under criminal supervision, is amply set forth in detail in the PSR. (Doc. 13.) The instant offense was charged after Defendant was found in possession of two firearms, ammunition, cocaine, crack cocaine, multiple digital scales, and packaging materials. (*See id*. at 6-7.) The nature of the offenses committed as well as Defendant's history and characteristics weigh strongly against a sentence reduction. The court reiterates what it found previously:

> The instant offense was extremely serious in nature. An examination of the evidence shows that Defendant was engaging in drug trafficking and had firearms in the residence where he was packaging the drugs. This was not the first time Defendant was charged with possession with intent to distribute. Rather, his criminal history makes clear that Defendant has been engaged in drug dealing for years. Prior episodes of incarceration apparently did nothing to curb Defendant's propensity to engage in drug trafficking. Moreover, Defendant's criminal history shows that his probation and parole have been repeatedly revoked during his prior criminal sentences. This shows that he has no respect for the law and does not comply with conditions that are placed on him by the courts. The 200 month

sentence imposed in this case is consistent with the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. The sentence imposed may tend to further the interest in deterring others from engaging in such behavior, and it will clearly protect the public from any further crimes committed by Defendant.

(Doc. 91 at 8-9.)  Defendant's submissions indicate he has made commendable efforts to engage in programs designed to promote rehabilitation. The arguments raised by Defendant, however, still do not outweigh Defendant's demonstrated history and tendency to distribute dangerous drugs even after prior sentences and periods of incarceration. His adult convictions include theft, two convictions for resisting arrest, aggravated battery, multiple driving offenses, speeding, hit and run, multiple drug offenses, and two forgery convictions. The court concludes that the need to protect the public from further crimes by Defendant, to promote respect for the law, and to provide just punishment all weigh against any reduction in sentence. The court concludes that the sentence remains sufficient but not greater than necessary to meet the sentencing factors in § 3553(a).

**IV. Conclusion**

Defendant's motion for compassionate release (Doc. 97) is DENIED. IT IS SO ORDERED this 30th day of May, 2023.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE
